```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| CHARLES SWIFT, and ARNETTA SWIFT, | ) ) ) | |
| Plaintiffs, | ) ) ) | 8:16CV53 |
| V. | ) ) | |
| HUBER JUDGE, TIM DUNNING, SHERIFF OF DOUGLAS COUNTY, JUDGE BOWIE, CLAUDIA MCNIGHT, and FOXALL, director of Douglas County Correctional, | ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

Plaintiffs filed their Complaint on January 29, 2016. (Filing No. 1.) Plaintiffs have been given leave to proceed in forma pauperis. (Filing Nos. 12, 13.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiffs allege that on January 19, 2016, police ran into their home in Omaha, Nebraska. (Filing No. 1.) From the allegations in the Complaint, it appears that Plaintiffs were arrested thereafter, as they next allege that "[J]udge [M]cdermott subsequently set our bond at fifteen thousand." (Filing No. 1 at CM/ECF p. 2.) Plaintiffs contend that they "[p]osted bond and Defendants at jail refused to release us claiming they have hold from Judge Coffey." (*Id*.) Plaintiffs further allege that "we filed for habeas in county court and sans hearing [H]uber . . . adopted jails position ruling that he had no jurisdiction in habeas to release" them. (*Id*.) Although not entirely clear, it also appears Plaintiffs are alleging that Defendant Claudia McNight

served as their attorney at some point and provided ineffective assistance of counsel. As relief, Plaintiffs seek $500,000,000.

Plaintiffs identified Judge Huber, Tim Dunning, Judge Bowie, Claudia McNight, and "Foxall director of Douglas County Correctional" as Defendants. (Filing No. 1.) Defendants have been sued in their official and individual capacities.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiffs' Complaint is styled as arising under 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiffs must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
Plaintiffs' Complaint is deficient for multiple reasons.

Plaintiffs did not indicate how Defendants Dunning, Bowie, and Foxall were personally involved in the events described in the Complaint. Rather, these Defendants' names only appear in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

With respect to Defendant McNight, the Complaint only alleges that she "has been [Plaintiffs'] lawyer since cases filed in 2014 and 2015 waiving all our rights arraignment not challenging lack of service, etc." (Filing No. 1 at CM/ECF p. 3.) Liberally construed, Plaintiffs contend that McNight provided ineffective assistance of counsel. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law as required for a § 1983 action. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id*. Here, Plaintiffs do not allege that McNight is a state actor or that McNight conspired with state actors to deprive Plaintiffs of constitutional rights. Therefore, Plaintiffs have failed to state a claim

3

against McNight.

As to Defendant Judge Huber, Plaintiffs only allege that he "adopted jails position ruling that he had no jurisdiction in habeas to release person being held for district court for bond review." (Filing No. [1 at CM/ECF p. 2](#).) Insofar as Plaintiffs are asserting "official capacity" claims against Judge Huber, the claims are precluded by the *Rooker-Feldman* doctrine. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. [*Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)](#). *See* [*D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)](#); [*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)](#). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" [*Mosby*, 418 at 931](#) (quoting [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)](#)). In order for Plaintiffs to properly challenge Judge Huber's state court order, they must seek the appropriate state remedies.

Plaintiffs' claims against Judge Huber in his individual capacity are likewise barred. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. [*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)](#). Plaintiffs do not allege that Judge Huber was doing anything other than performing traditional judicial functions. Plaintiffs' allegations are insufficient to establish a plausible claim that Judge Huber's actions were outside the scope of normal judicial functions or that his actions were taken in complete absence of all jurisdiction.

Out of an abundance of caution, the court will provide Plaintiffs with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the

court will result in the court dismissing this case without further notice.

IT IS ORDERED:

1. Plaintiffs will have 30 days in which to file an amended complaint in accordance with this order. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

2. The clerk of the court is directed to set the following pro se case management deadline: June 11, 2016: check for amended complaint; dismiss if none filed.

Dated this 11th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge